In the Matter of ERIC R. KOPPEL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 19, 1988

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Shea & Gould (Herbert Evans* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice as an attorney by this court on January 9, 1980. In this proceeding the Special Referee sustained five charges of misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee.

Charge one of the petition alleged that the respondent failed to fulfill his obligations pursuant to a fee agreement with another law firm. The respondent had been substituted as attorney in two personal injury matters and agreed to pay the law firm for which he was substituted a percentage of the net attorneys' fees recovered and to reimburse that firm for disbursements incurred. The respondent failed to notify the original law firm of the settlement of both cases, thereby retaining funds which were due and owing to that firm for the work they had previously done on the cases.

Charge two of the petition alleged that the respondent issued a series of five checks to the law firm alluded to above to reimburse it for disbursements incurred but that all five checks were dishonored by the bank. The respondent thereafter refused to "make good" on these checks.

Charge three of the petition alleged that from approximately 1984 through 1986 the respondent improperly commingled clients' funds with his own funds by depositing clients' settlement proceeds in a nonescrow, general-purpose account.

Charge four of the petition alleged that the respondent failed to file timely retainer statements in three different matters, failed to file retainer statements in four different matters and failed to file closing statements in seven different matters, all as required by the rules of this court.

Charge five of the petition alleged that the respondent, while representing a client in a matrimonial matter, *inter alia*, failed to respond to a demand for a statement of net worth which resulted in the client's answer being stricken. The respondent thereafter neglected to advise his client that a judgment of divorce had been entered against her.

After reviewing all of the evidence we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to be imposed we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter, including the fact that he had made efforts to correct his law office procedures and record-keeping. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of three years commencing January 16, 1989 and until further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Eric R. Koppel, is hereby suspended from the practice of law for a period of three years, commencing January 16, 1989 and continuing until the further order of this court with leave to the respondent to apply for reinstatement after the expiration of the three-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10) and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Eric R. Koppel is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.